### IN THE UNITED STATES DISTRICT COURT
### FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

GIA HULET,                 )
                                )
        Plaintiff,        )
                                )     No. 16-CV-2778
    v.                     )
                                )     Hon. Charles R. Norgle
INFORMIS HEALTH SOLUTIONS, LLC, et al.,  )
                                )
        Defendants.     )

### OPINION AND ORDER

Plaintiff Gia Hulet ("Plaintiff") brings this action against Defendants Informis Health Solution, LLC ("Informis") and Zachary Rice ("Mr. Rice") (collectively, "Defendants"), alleging interference and retaliation claims under the Family Medical Leave Act, 29 U.S.C. § 2601, *et seq.* ("FMLA"). Before the Court is Defendants' motion for summary judgment. For the following reasons, Defendants' motion is denied.

### I. BACKGROUND

Starting in 2010, Plaintiff worked as a customer service representative for Informis at the company's call center in Chicago, Illinois.[1] Informis is a healthcare solutions and services company that provides private and public Medicare, Medicaid, and ACA Exchange customers with member services. At all times relevant, Mr. Rice was the Director of Operations for Informis.

On November 11, 2014, Plaintiff's nineteen-month-old son was diagnosed with leukemia. Plaintiff was working when she was notified of her son's diagnosis. She quickly left work to see her son at the hospital. On November 12, 2014, Plaintiff's direct supervisor, Sherry Gibson ("Ms. Gibson"), called Plaintiff to ask about her son's condition. During the call, Ms. Gibson informed

---

[1] Prior to May 2012, Informis was known as Vangent, Inc.

Plaintiff "not to worry about her job" and that she would tell Rice about the reason for Plaintiff's absence. Defs.' SOMF ¶ 6. From this point on, Plaintiff never returned to work at Informis.

On December 5, 2014, Plaintiff received the following letter via e-mail from Christina Hyde ("Ms. Hyde"), her co-worker at Informis:

> This letter has been sent to verify that Gia Hulet has been employed with Informis
>
> Health Solutions since August 2010 to present as a full time Licensed Customer
>
> Service Representative. Due to unfortunate circumstances Gia Hulet [sic] last day
>
> of work was November 10th and because of lack of hours worked will not be
>
> receiving any pay. She has not yet been able to provide a return to work date and is
>
> currently secure a position for 8-12 weeks under Family Medical Leave Act. If you
>
> have any questions please feel free to contact us.

Defs.' SOMF ¶ 10-11. The letter was signed by Informis's call center manager, Jaunche Draine. However, the letter was not intended to notify Plaintiff of her current employment status. Rather, Plaintiff had requested the letter to satisfy the conditions of court supervision related to a proceeding against her in state court for driving under the influence.

On December 16, 2014, Mr. Rice caused a text message to be sent to Plaintiff stating that she would lose her job at Informis if the company did "not receive some form of written communication by close of business tomorrow." Defs.' SOMF ¶ 15. On December 17, 2014, in response to Mr. Rice's communication, Plaintiff had her son's hospital email Mr. Rice a FMLA Certificate of Healthcare Provider, which confirmed her son's need for parental care. According to Plaintiff, it was her understanding that she was applying for FMLA leave on December 17, 2014.

After Mr. Rice received Plaintiff's FMLA Certificate of Healthcare Provider, he decided that Plaintiff was not entitled to FMLA leave because Informis had less than 50 employees.[2] Defendants now stipulate that Mr. Rice's determination that Informis has less than 50 employees was incorrect, and that Plaintiff was entitled to FMLA leave to care for her son. Id. ¶ 20. Nevertheless, Mr. Rice sent Plaintiff a letter dated December 22, 2014, stating that she was not entitled to FMLA leave because she did not "work and or report to a site with 50 or more employees within 75 miles." Defs.' SOMF ¶ 19. However, it is undisputed that Plaintiff never received Mr. Rice's December 22, 2014 Letter, and therefore she never knew of Defendants' determination that she was not entitled to FMLA leave. Id. ¶ 21. Moreover, Defendants did not immediately terminate her employment. Instead, Defendants held her position open and kept her employment benefits intact, including health insurance coverage. Id. ¶ 26.

It is unclear whether Plaintiff believed she was on FMLA leave while she was away from work at Informis. On one hand, Plaintiff testified at her deposition that she assumed she was on FMLA leave the entire time that she was away from work. Defs.' SOMF, Ex. 2, Plaintiff's Deposition ("Pl.'s Dep."), p. 51:9-11. However, she also testified that that she did not know if she was on FMLA leave, because she never received an answer from Defendants after Mr. Rice received the FMLA Certificate of Healthcare Provider—which Plaintiff assumed was her application for FMLA leave. Id. at 57:14-20.

Tragically, on February 7, 2015, Plaintiff's son passed away due to complications of leukemia. That same day, Plaintiff communicated to Ms. Gibson that her son had passed away. Mr. Rice learned of her son's passing on February 8, 2015. Plaintiff had no further contact with

---

[2] The requirements of the FMLA apply only to employers that employee "50 or more employees for each working day during each of 20 or more calendar workweeks in the current or preceding calendar year." 29 U.S.C. § 2611(4)(A)(i).

anyone at Informis until February 19, 2015, when she sent a request for Ms. Gibson to verify her employment. Defs.' SOMF ¶ 32. That same day, Plaintiff indicated to Ms. Gibson that she wanted to return to work and inquired when the next payday would be. Id. ¶ 34. Ms. Gibson replied that "It will be good to see you. I am glad." Id. Plaintiff testified that as of February 19, 2015, she wanted to return to work on the next payday, which was February 27, 2015. Pl.'s Dep. at 70:4-17. Plaintiff further testified while she was not "emotionally" prepared to return to work on or before February 19, 2015, she would have "made it work" and "figured it out" had she been required to return before that date. Id. at 72:8-13. After her conversation with Ms. Gibson on February 19, 2015, Plaintiff had no further contact with anyone at Informis until February 27, 2015.

On February 27, 2015, Mr. Rice informed Plaintiff that her employment with Informis was terminated because she had "abandoned her job."[3] Id. ¶ 39. However, Mr. Rice also informed Plaintiff that her termination would be recorded as part of a larger "reduction of employment" so that she could apply for unemployment compensation. Id. ¶ 40. Plaintiff disputes that she was fired for job abandonment, and points to Mr. Rice's deposition testimony, wherein he stated that Plaintiff was terminated due to a "larger reduction" of employees, a decision that was made by Mr. Rice and the owners of Informis. Pl.'s Stmt. of Add'l Facts ¶ 34, Ex. B, Deposition of Zachary Rice ("Rice Dep."), p. 58:12-15.

In her Complaint, Plaintiff alleges that Defendants violated the FMLA because they: improperly denied her request for leave that she was entitled to under the FMLA, Compl. ¶¶ 39, 60; improperly terminated Plaintiff's employment with Informis because she requested leave that she

---

[3] The Informis Employee Handbook in effect at the time of Plaintiff's termination defined "job abandonment" as "missing two consecutive shifts without notification" and listed the penalty as "Termination." Defs.' SOMF ¶ 27. Defendants state that Plaintiff was familiar with the Employee Handbook's attendance policy. Plaintiff, however, states that the Employee Handbook was updated in December 2014, when she was not present at work, and therefore she never received a copy. Pl.'s Resp. to Defs.' SOMF ¶ 27.

was entitled to under the FMLA, Id. ¶¶ 40, 61; and improperly terminated Plaintiff's employment with Informis because of the improper denial of Plaintiff's request for leave that she was entitled to under the FMLA, Id. ¶¶ 41, 62.

On January 11, 2017, the Court denied Defendants' motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6). Thereafter, Defendants filed their Answer, followed by the instant motion for summary judgment.

## II. ANALYSIS

Defendants raise two main arguments regarding Plaintiff's FMLA interference claims: (1) Defendants gave Plaintiff all the FMLA leave that she was entitled to receive; (2) Plaintiff can show no prejudice resulting from Defendants' uncommunicated determination that Plaintiff was not entitled to FMLA leave; and (3) Plaintiff can show no prejudice resulting from Defendants' failure to inform her of when she was expected to return to work. As to Plaintiff's FMLA retaliation claims, Defendants argue that: (1) Plaintiff cannot show that she was meeting Defendant's legitimate job expectations at the time of her termination; and (2) Plaintiff has failed to present any evidence of retaliatory intent or a causal relationship between her exercise of FMLA rights and her termination. The Court will address each argument in turn.

### A. Standard

"Summary judgment is appropriate when 'the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law.'" Northfield Ins. Co. v. City of Waukegan, 701 F.3d 1124, 1128 (7th Cir. 2012) (quoting Fed. R. Civ. P. 56(a)); see also Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). "A genuine issue of material fact exists when the evidence is such that a reasonable jury could return a verdict for the nonmoving party." Wells v. Coker, 707 F.3d 756, 760 (7th Cir. 2013) (internal quotation marks and citation omitted). "On summary judgment a court may not make credibility determinations,

weigh the evidence, or decide which inferences to draw from the facts; these are jobs for a factfinder." Payne v. Pauley, 337 F.3d 767, 770 (7th Cir. 2003) (citing Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986)). The Court must view "the record in the light most favorable to the nonmovant and [avoid] the temptation to decide which party's version of the facts is more likely true." Id. Finally, "to survive summary judgment, the nonmoving party must present evidence sufficient to establish a triable issue of fact on all essential elements of its case." Lewis v. CITGO Petroleum Corp., 561 F.3d 698, 702 (7th Cir. 2009).

**B. Interference**

The FMLA gives eligible employees a right to twelve weeks of unpaid leave in a twelve-month period "[i]n order to care for the spouse, or a son, daughter, or parent, of the employee, if such spouse, son, daughter, or parent has a serious health condition." 29 U.S.C. § 2612(a)(1)(C). An eligible employee is defined as "an employee who has been employed for at least 12 months by the employer with respect to whom leave is requested…and for at least 1,250 hours of service with such employer during the previous 12-month period." 29 U.S.C. § 2611(2)(A). Not all employers are subject to the requirements of the FMLA; rather, the FMLA defines a covered employer as "any person engaged in commerce or in any industry or activity affecting commerce who employs 50 or more employees for each working day during each of 20 or more calendar workweeks in the current or preceding calendar year." 29 U.S.C. § 2611(4)(A)(i). "An individual may be liable under the FMLA if she 'had supervisory authority over the complaining employee and was responsible in whole or part for the alleged violation.'" Ruckebeil v. Cancer Treatment Centers of Am., Inc., No. 15 C 08259, 2016 WL 878585, at *2 (N.D. Ill. Mar. 8, 2016) (citing Evans v. Henderson, No. 99 C 8332, 2000 WL 1161075, at *3 (N.D. Ill. Aug. 16, 2000)); see also 29 U.S.C. § 2611(4)(ii)(I) (defining the term "employer" under the FMLA as "any person who

6

acts, directly or indirectly, in the interest of an employer to any of the employees of such employer.").

The FMLA makes it unlawful for an employer to "interfere with, restrain, or deny the exercise of or the attempt to exercise, any right provided" by the statute. 29 U.S.C. § 2615(a)(1). The plaintiff carries the burden of proving an FMLA interference claim. Darst v. Interstate Brands Corp., 512 F.3d 903, 908 (7th Cir.2008). "To establish such a claim, an employee must show that: (1) she was eligible for the FMLA's protections; (2) her employer was covered by the FMLA; (3) she was entitled to take leave under the FMLA; (4) she provided sufficient notice of her intent to take leave; and (5) her employer denied her FMLA benefits to which she was entitled." Goelzer v. Sheboygan Cty., Wis., 604 F.3d 987, 993 (7th Cir. 2010).

Here, the first four elements are not in dispute. Defendants stipulate that Informis was a covered employer as defined in § 2611(4)(A)(i) and that Plaintiff was an eligible employee under § 2611(2)(A). Def's SOMF ¶ 20. Defendants further stipulate that Plaintiff was entitled to FMLA leave under § 2612(a)(1)(C) to care for her son and that she provided sufficient notice of her intent to take leave on November 12, 2014. Id. ¶¶ 8, 20; see 29 C.F.R. § 825.302 (providing that an employee need only "provide at least verbal notice sufficient to make the employer aware that the employee needs FMLA–qualifying leave."). Moreover, Defendants do not dispute that Mr. Rice is subject to individual liability. Thus, the first four elements of Plaintiff's interference claim are satisfied, and the only remaining issue is whether Plaintiff can show that Defendants denied her any FMLA benefits to which she was entitled.

Defendants' first argument on this point is that they gave Plaintiff all the FMLA leave that she was entitled to receive. There is no dispute that Plaintiff was absent from her position at Informis for approximately fifteen weeks before she was terminated on February 27, 2014.

Defendants argued in their motion to dismiss that Plaintiff's leave began on November 11, 2014, and therefore she received twelve weeks of leave—all that the was entitled to under the FMLA. However, the Court rejected this argument, holding that Defendant failed to cite any authority in support, and that under certain circumstances the maximum leave period may not apply. January 11, 2016 Order, p. 3.

Defendants do not raise the same argument in the instant motion; instead, they argue that regardless of the date on which Plaintiff's leave began, her leave ended as a matter of law on February 7, 2015, the day her son passed away. Defendants cite numerous cases from other districts for the proposition that "bereavement" is not protected by the FMLA. See, e.g., Barone v. Leukemia Soc. of Am., 42 F. Supp. 2d 452, 460 (D.N.J. 1998); Beal v. Rubbermaid Commercial Prod. Inc., 972 F. Supp. 1216, 1226 (S.D. Iowa 1997), aff'd, 149 F.3d 1186 (8th Cir. 1998); Deloatch v. Harris Teeter, Inc., 797 F. Supp. 2d 48, 66 (D.D.C. 2011). The Court agrees on this point, in so far as Plaintiff was entitled to leave under § 2612(a)(1)(C), which makes no mention of any additional leave for bereavement. However, even if Plaintiff was not entitled to more leave after her son passed away, this does not end the Court's inquiry as to whether Defendant denied Plaintiff an FMLA benefit to which she was entitled.

Department of Labor ("DOL") regulations provide that whenever an employer "acquires knowledge that an employee's leave may be for an FMLA-qualifying reason," it must notify the employee of his eligibility to take FMLA leave and provide written notice of the employee's specific expectations and obligations under the FMLA, as well as any consequences of a failure to meet those obligations. 29 C.F.R. § 825.300. More specifically, the employer must: notify the employee of the employee's eligibility to take FMLA leave within five business days, absent extenuating circumstances; notify the employee whether the leave will be designated and will be

counted as FMLA leave within five business days absent extenuating circumstances; provide written notice detailing the specific expectations and obligations of the employee and explaining any consequences of a failure to meet these obligations; and notify the employee of the amount of leave counted against the employee's FMLA leave entitlement. 29 C.F.R. § 825.300(b)-(d). Section 825.300 further provides that "[f]ailure to follow the notice requirements set forth in this section may constitute an interference with, restraint, or denial of the exercise of an employee's FMLA rights." 29 C.F.R. § 825.300(e).

Here, there is no dispute that Defendants failed to comply with *any* of these notice regulations. Defendants never notified Plaintiff that she was granted FMLA leave because her leave was denied by Mr. Rice. To further complicate matters, Plaintiff never received notice that her application for FMLA leave had been denied. Moreover, since her FMLA leave was denied, she never received any notice regarding the date on which her leave started or when her leave would end. Although Defendants now assert that Plaintiff's leave ended as a matter of law on the day her son passed away, no one from Informis notified Plaintiff that she would be terminated unless she returned to work immediately after her son passed away. In short, other than the December 5, 2014 letter signed by Mr. Draine, which vaguely stated that Plaintiff was "currently secure a position for 8-12 weeks under Family Medical Leave Act,"[4] Defs.' SOMF ¶ 10-11, Plaintiff received *zero* notice from Defendants regarding any of her rights and obligations under the FMLA. See 29 C.F.R. § 825.300(b)-(d). Rather, the only consistent communication that Plaintiff received was from Ms. Gibson, who told her "not to worry about her job." Pl.'s Resp. to Defs.' SOMF ¶¶ 6, 26.

---

[4] There is no dispute that the letter was not written by Mr. Draine for the purpose of informing Plaintiff of her FMLA rights. Moreover, there is no dispute that Mr. Draine did not even have authorization to grant or deny FMLA leave for Informis employees. Defendants also concede that the letter did not comply with the requirements of 29 C.F.R. § 825.300(c)(1). Defs.' Mem. in Supp. at 9.

Plaintiff argues that Defendants' failure to provide her proper notice amounted to a denial of FMLA benefits to which she was entitled, citing Lupyan v. Corinthian Colleges Inc., 761 F.3d 314, 318 (3d Cir. 2014) ("Failure to provide the required notice can constitute an interference claim."). Plaintiff's argument on this point also finds support in the plain language of Section 825.300, which provides that "[f]ailure to follow the notice requirements set forth in this section may constitute an interference with, restraint, or denial of the exercise of an employee's FMLA rights." 29 C.F.R. § 825.300(e).

Defendants, on the other hand, argue that their failure to provide Plaintiff with the required notice was merely a "technical violation," which is insufficient to support Plaintiff's interference claims. More specifically, Defendants argue that Plaintiff is unable to prevail on her interference claims because she was not "prejudiced" by the lack of required notice. Defendants cite two unpublished cases from the Seventh Circuit in support. See Murray v. AT&T Mobility LLC, 374 F. App'x 667, 671 (7th Cir. 2010) (stating that "a technical violation of an FMLA regulation does not entitle [the plaintiff] to relief unless she can demonstrate prejudice."); see also Easley v. YMCA Of Metro. Milwaukee, Inc., 335 F. App'x 626, 632 (7th Cir. 2009) (affirming summary judgement for employer on FMLA interference claim where the plaintiff had not shown that her employer's failure to provide the required notice "resulted in harm as is required to recover for a FMLA violation."). Both Murray and Easley cite Ragsdale v. Wolverine World Wide, Inc., 535 U.S. 81, in which the Supreme Court stated that the FMLA's "remedial mechanism," as set forth under 29 U.S.C. § 2617, "provides no relief unless the employee has been prejudiced by the violation." Id. at 82. Multiple other courts have also cited Ragsdale in holding that "an employee must demonstrate that an employer's failure to follow the FMLA and its regulations caused her harm" in order to prevail on an FMLA interference claim. Wallace v. FedEx Corp., 764 F.3d 571,

589 (6th Cir. 2014); Edgar v. JAC Prod., Inc., 443 F.3d 501, 508 (6th Cir. 2006) ("Employees seeking relief under the [interference] theory must…establish that the employer's violation caused them harm."); Barrett v. Illinois Dep't of Corr., 958 F. Supp. 2d 984, 993 (C.D. Ill. 2013), aff'd, 803 F.3d 893 (7th Cir. 2015) ("This court acknowledges that because the FMLA is not a strict-liability statute, ... [e]mployees seeking relief under the entitlement theory must therefore establish that the employer's violation caused them harm." (internal quotation marks omitted)). Based on these cases, the Court accepts that Plaintiff must establish that she was prejudiced by Defendants' failure to provide the required notice. See Ragsdale, 535 U.S. at 82.

Defendants contend that Plaintiff cannot show prejudice because, "[a]ccording to her own testimony, during the entire time that she was entitled to FMLA leave she fully understood that she was on FMLA leave." Defs.' Mem. in Supp. at 9. Defendants further argue that they were not required to inform Plaintiff of her return date, citing Harrell v. Jacobs Field Servs. N. Am., Inc., No. 09-CV-02320, 2011 WL 3044863, at *7 (C.D. Ill. July 25, 2011) ("The FMLA does not impose upon the employer an affirmative duty to inform the employee of when his leave ends." (citing Garcia v. Crown Services, Inc., 2006 WL 2381786, at *7 (E.D.Wis.2006)); see also Righi v. SMC Corporation of America, 632 F.3d 404, 410 (7th Cir. 2011) (stating that in cases of unforeseeable leave, employers are entitled to know when a given employee will return to work). Defendants also cite Harrell for the proposition that "for an interference claim to be actionable pursuant to 29 U.S.C. § 2614(a), the employer has to do something more than passively allow the employee to miss his return date" and rather the employer must "actively misrepresent the employee's return date or cause the employee to miss the return date." 2011 WL 3044863, at *7 (citing Garcia, 2006 WL 2381786, at *7).

11

Here, there is a genuine issue of material fact regarding whether Plaintiff was prejudiced by Defendants' failure to provide her with the required notice. Plaintiff testified at her deposition that she assumed she was on FMLA leave the entire time that she was away from work. Pl.'s Dep. at 51:9-11. However, she also testified that that she did not know if she was on FMLA leave, because she never received an answer from Defendants after Mr. Rice received the FMLA Certificate of Healthcare Provider. Id. at 57:14-20. Plaintiff further testified that: she was under the impression that she had applied for FMLA on December 17, 2014, and that she believed she "had twelve weeks to return back to work effective whenever I applied for FMLA," Id. at 41:8-20; she was not emotionally prepared to return to work following her son's death, but if she had know that she was required to do so, she "would have made it work," Id. at 72:8-13; and she knew that she had "no need for FMLA" leave after her son passed away, Id. at 70:4-6.

Certain portions of Plaintiff's testimony suggest that she would have returned to work earlier had she been informed by Defendants that she was required to do so. Moreover, Plaintiff indicated that she believed she was entitled to twelve weeks of leave starting on December 17, 2014, which would have set her return date after her termination on February 27, 2015. Based on these statements, a reasonable jury could conclude that Plaintiff was harmed or prejudiced by Defendants' failure to notify her of when she was required to return to work. Further, even if Defendants had no affirmative duty to inform Plaintiff of the exact date on which her FMLA leave ended, they did more than *passively* allow her to miss her return date. Rather, Defendants *actively* denied her request for FMLA leave, and provided her with zero notice of her rights and obligations under the FMLA—which would have included the amount of leave to which she was entitled and the consequences of failing to return to work after her son passed away.

However, Plaintiff also gave conflicting testimony on this point when she stated that she knew that she had "no need for FMLA" leave after her son passed away. Pl.'s Dep. at 70:4-6. One possible inference to draw from this statement is that Plaintiff somehow knew—without any notice from Defendants—that her employment could be terminated if she did not return to work immediately after her son passed away; but the Court is unable to draw such inferences or make credibility determinations on a motion for summary judgement. See Payne, 337 F.3d at 770. Accordingly, Defendants' motion for summary judgement is denied as to Plaintiff's FMLA interference claims, because there is a genuine issue of material fact regarding whether Plaintiff was prejudiced by Defendants' failure to provide her with the required notice.

## C. Retaliation

"In order to prevail on a FMLA retaliation claim, a plaintiff must present evidence that she was subject to an adverse employment action that occurred because she requested or took FMLA leave." Guzman v. Brown Cty., 884 F.3d 633, 640 (7th Cir. 2018); 29 U.S.C. § 2615(a)(2) (providing that it is "unlawful for any employer to discharge or in any other manner discriminate against any individual for opposing any practice made unlawful by" the FMLA). In considering whether there was a causal connection between to the employee's FMLA leave and the adverse employment action, the Court must "consider the evidence as a whole and ask whether a reasonable jury could draw an inference of retaliation." King v. Ford Motor Co., 872 F.3d 833, 842 (7th Cir. 2017). In applying this standard, Plaintiff has raised a genuine issue of material fact that she suffered retaliation under the FMLA.

Defendants first argue that Plaintiff is unable to establish retaliation under the FMLA because she was not meeting Informis's "legitimate employment expectations" at the time she was terminated. Defendants claim that Plaintiff was not meeting Informis's legitimate employment

because she did not call in to report her absences after her FMLA leave would have expired, and therefore she violated Informis's attendance policy. See Peele v. Country Mut. Ins. Co., 288 F.3d 319, 328 (7th Cir. 2002) ("If a plaintiff fails to demonstrate that she was meeting her employer's legitimate employment expectations at the time of her termination, the employer may not be put to the burden of stating the reasons for [her] termination." (internal quotation marks omitted)). This argument, however, stands in direct contradiction to Mr. Rice's deposition testimony that Plaintiff's termination was not based on a violation of Informis's attendance policy; rather, he stated it due to a "larger reduction" of workforce. Rice Dep. at 58:12-15. Moreover, this argument ignores the undisputed fact that Defendants never notified Plaintiff that she was required to return to work before her termination on February 27, 2015.

Finally, Defendant argues that the record contains no evidence to support an inference of retaliation. The Court rejects this argument outright. The undisputed facts show, *inter alia*, that Defendants: incorrectly denied Plaintiff FMLA leave; failed to provide Plaintiff with any notice regarding her rights and obligations under the FMLA; never informed Plaintiff that she would be terminated if she did not return to work; terminated Plaintiff not long after her FMLA leave would have ended; and gave Plaintiff differing reasons for her termination, *i.e.* she was being terminated for job abandonment, but her termination would be recorded as part of a larger reduction of workforce. The Court concludes that based on the evidence as a whole, a reasonable jury could draw an inference of retaliation. Accordingly, Defendants' motion for summary judgment is denied as to Plaintiff's retaliation claims because there is a genuine issue of material fact regarding whether Plaintiff suffered retaliation under the FMLA.

### III. CONCLUSION

For the reasons stated above, Plaintiff has raised genuine issues of material fact regarding her claims for interference and retaliation under the FMLA. Accordingly, Defendants' motion for summary judgment is denied.

IT IS SO ORDERED.

ENTER:

CHARLES RONALD NORGLE, Judge
United States District Court

DATE: February 6, 2019